**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **BUTLER CAPITAL** | ) | **Civil Action No. 2:09-CV-83 (GEB)(MCA)** |
| **CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **JOINT DISCOVERY PLAN** |
| **CALLCOMMAND, LLC, ALLEN** | ) | |
| **BABINGTON, JAY MERNEN, AND** | ) | Initial Scheduling Conference |
| **JOHN TATE,** | ) | **May 17, 2010 at 11:30 am** |
| | ) | |
| **Defendants.** | ) | |

The parties having conferred, the Plaintiff, Butler Capital Corporation, through its attorneys Marino, Mayers & Jarrach, LLC, and Defendants, CallCommand, LLC (n/k/a OneCommand, Inc. and incorrectly identified in the Complaint as "CallCommand, LLC"), Allen Babington (incorrectly identified in the Complaint as "Allen Babington"), and Jay Mernen (incorrectly identified in the Complaint as "Jay Mernen") (collectively, "Defendants"), through their attorneys, Nancy Washington, Esq. with Saiber, LLC, submit the following Joint Discovery Plan in accordance with Local Civil Rule 26.1(b):

1.     Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

    Factual Description of the Case

    Plaintiff's Complaint arises from a series of license lease agreements dated July 14, 2006 between Plaintiff and two New Jersey automobile dealerships that were formerly owned or controlled by Thomas Scialpi. The dealerships entered into separate subscription agreements with Defendant, Call Command to receive certain licensed software and services. Plaintiff financed the licensure of Call Command's property and services on behalf of the dealerships. Plaintiff and Defendants further refer to the Complaint and Answer.

    Causes of Action

    Plaintiff alleges that between April 1, 2006 and July 14, 2006 (when the License Lease agreements were entered into), the Defendants perpetrated a fraudulent "kickback" scheme that obtained for the dealerships an "unsecured capital loan" through false

representations about the dealerships' intended use of the proceeds of Plaintiff's financing.

    (a)       Count I of Plaintiff's Complaint alleges fraud and civil conspiracy.
    (b)       Count II of Plaintiff's Complaint alleges fraud and misrepresentation.
    (c)       Count III of Plaintiff's Complaint alleges a breach of the duty of good faith and fair dealing.
    (d)       Count IV of Plaintiff's Complaint alleges conversion and/or theft by deception.
    (e)       Count V of Plaintiff's Complaint alleges violations of RICO.

Plaintiff seeks compensatory, punitive, and incidental damages; the issuance of temporary restraints; and reasonable attorneys' fees plus interest and costs of suit.

<u>Affirmative Defenses</u>

Defendants Call Command, Al Babbington, and Jay Murnen,[1] deny the allegations and assert the following affirmative defenses:

    (a)       failure to state a claim against some or all of the Defendants upon which relief can be granted;
    (b)       Plaintiff's damages, if any, were directly and proximately caused by the acts and/or omissions of non-parties to this action over whom Defendants had no control or right of control;
    (c)       Plaintiff's damages, if any, were directly and proximately caused or contributed to by Plaintiff's own negligence or were caused solely by its own actions;
    (d)       Plaintiff's claims for damages are barred or reduced by comparative or contributory negligence of Plaintiff;
    (e)       Plaintiff has failed to join all necessary and indispensable parties to this action;
    (f)       Plaintiff's claims are barred, in full or in part, by the doctrine of justification;
    (g)       Plaintiff's claims are barred, in full or in part, because Defendants' actions at all times were undertaken in good faith and for legitimate business purposes;
    (h)       Plaintiff's alleged damages, or some of them, have already been recovered through prior litigation filed against the Scialpi Group, as that term is defined in Plaintiff's Complaint, and one or more other parties;
    (i)       Plaintiff has failed to mitigate its alleged damages;
    (j)       Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches;
    (k)       The Complaint fails to allege the circumstances of the alleged conspiracy, fraud, theft by deception, mail fraud, wire fraud, embezzlement, and RICO

---

[1] Defendant John Tate has not yet been served with process by Plaintiff.

violations, with sufficient particularity;

(l)     All material facts and circumstances concerning the transactions described in the Complaint were fully disclosed to and known by Plaintiff;

(m)     Any alleged reliance by Plaintiff upon Defendants' alleged representations was not reasonable or justifiable;

(n)     Plaintiff's requests for equitable relief should be denied because Plaintiff has an adequate and available remedy at law for its alleged claims;

(o)     Plaintiff's requests for equitable relief are barred by the doctrine of unclean hands;

(p)     Plaintiff's Complaint fails for failure or insufficiency of process; and

(q)     Personal jurisdiction, subject-matter jurisdiction and/or venue are lacking in this Court as to one or more of the Defendants.

Defendants seek the dismissal of Plaintiff's Complaint, with prejudice, and reasonable attorneys' fees plus costs.

2.     Have settlement discussions taken place?   Yes __**X**__ No_____

   If so, when?   **Initial settlement discussions took place on May 13, 2010.**

   (a)  What was plaintiff's last demand?

   (1)     Monetary demand: **$1,000,000.00**
   (2)     Non-Monetary demand: $____**N/A**_____

   (b)  What was defendant's last offer?

   (1)     Monetary demand: $____**N/A**_____
   (2)     Non-Monetary demand: $_____**N/A**_____

3.     The parties [have_____have not __**X**__] exchanged the information required by Fed. R. Civ. P. 26(a)(1).  If not, state the reason therefore.

   **Defendants provided initial disclosures on May 7, 2010.  Plaintiff expects to provide initial disclosures and documents by June 15, 2010.  Defendants expect to provide Plaintiff with its Rule 26 documents by June 15, 2010.**

4.     Describe any discovery conducted other than the above disclosures.

   **No other discovery has been conducted at this time.**

5.     Generally, dispositive Motions cannot be filed until the completion of discovery.  Describe any Motions any party may seek to make prior to the completion of discovery.  Include any jurisdictional Motions and Motions to Amend.

**Potential Motions by Plaintiff**
**Motion for summary judgment**
**Plaintiff reserves the right to make additional motion(s) prior to the completion of discovery**

**Potential Motions by Defendants**
**Motion for summary judgment**
**Motion to dismiss for lack of jurisdiction as to John Tate**
**Defendants reserve the right to make additional motion(s) prior to the completion of discovery**

6.    The parties propose the following:

(a)    Discovery is needed on the following subjects:

**All subjects addressed in the Complaint, as well as all defenses thereto.**

(b)    Should discovery be conducted in phases? If so, explain.

**No.**

(c)    Number of interrogatories by each party to each other party:

**Plaintiff seeks to maintain the 46 interrogatories directed at Defendants prior to removal of the action.**

**Defendant seeks to limit the number of interrogatories directed by either party to 25.**

(d)    Number of depositions to be taken by each party:

**Plaintiff seeks to limit the number of depositions by each party to 10, not including expert depositions, if any.**

**Defendants seek to limit the number of depositions by each party to 5, not including expert depositions, if any.**

(e)    Plaintiff's expert report due on

**December 15, 2010**

(f)    Defendant's expert report due on

**January 14, 2011**

4

(g)     Motions to Amend or to Add Parties to be filed by

**No additional parties may be joined except with leave of court, and amended pleadings may not be filed except with leave of court, unless otherwise stipulated by counsel.**

(h)     Dispositive Motions to be served within **90** days of completion of discovery.

(i)     Factual discovery to be completed by:

**November 15, 2010**

(j)     Expert discovery to be completed by:

**March 15, 2011**

(k)     Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

**The parties agree that the entry of a discovery confidentiality order will be necessary before the production of documents.**

(l)     A pretrial conference may take place on:

**At the Court's discretion.**

(m)     Trial by jury or non-jury Trial?

**Plaintiff has requested a jury trial in its Complaint.**

(n)     Trial Date:

**At the Court's discretion.**

7.     Do you anticipate any discovery problem(s)?  Yes _____       No __**X**__

If so, explain.

8.     Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?

Yes __**X**__     No _____

If so, explain.

**Discovery may require documents and testimony from witnesses who reside out-of-state.**

9.   State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure.  If no, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc. )

**The parties agree that any such procedure would be premature at this time but may be appropriate at a later time, after the conclusion of discovery and/or disposition of dispositive motions.**

10.   Is this case appropriate for bifurcation?  **No.**

11.   We do not consent to the trial being conducted by a Magistrate Judge.


**SAIBER LLC**
18 Columbia Turnpike
Suite 200
Florham Park, NJ 07932-2266
*Attorneys for Defendants*

By: */s Nancy A. Washington*
      Nancy A. Washington, Esq.


**KEATING MUETHING & KLEKAMP PLL**

Steven C. Coffaro, admitted *pro hac vice*
Brian P. Muething, admitted *pro hac vice*
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
(513) 579-6400

Dated: May 13, 2010


**MARINO, MAYERS & JARRACH, LLC**
Marino Plaza One
75 Kingsland Ave., Ste 3
Clifton, New Jersey 07014-2034
*Attorneys for Plaintiff*

By: */s Joseph A. Marino*
      Joseph A. Marino, Esq.

Dated: May 13, 2010


6